

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00421-CR

**EX PARTE** Saul **VILLALOBOS-ROBLES**

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2024CRB001273L1
Honorable Leticia Martinez, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice

Delivered and Filed: March 25, 2026

DISMISSED

On June 26, 2025, appellant filed a notice of appeal attempting to appeal the trial court's order denying relief on his application for writ of habeas corpus seeking discharge based on lack of probable cause. However, on November 13, 2025, the trial court signed an order granting the State's motion to dismiss the underlying case.

"A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). "The longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot." *See Ex parte Sifuentes*, 639 S.W.3d 842, 845 (Tex. App.—San

Antonio 2022, pet. ref'd). "A court of appeals has no jurisdiction to decide moot controversies and issue advisory opinions." *Ex parte Huerta*, 582 S.W.3d 407, 411 (Tex. App.—Amarillo 2018, pet. ref'd). *See also Ex parte Vela*, No. 04-23-00071-CR, 2023 WL 4217666, at *1 (Tex. App.—San Antonio June 28, 2023, no pet.) (mem. op., not designated for publication).

Because the premise of appellant's habeas corpus application has been destroyed by the trial court's subsequent order dismissing the underlying case, we ordered appellant to show cause in writing, on or before March 6, 2026, why this appeal should not be dismissed for lack of jurisdiction. In his response to our show cause order, appellant states "[b]ecause no controversy exists between the parties, this Court should dismiss the appeal as moot." Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH